**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1362-JLK-CBS** (consolidated with 07-cv-2508)

**GLEN DROEGEMUELLER**, individually and as representative plaintiff on behalf of all others similarly situated,

    Plaintiff,

v.

**PETROLEUM DEVELOPMENT CORPORATION**, a Nevada Corporation

    Defendant.

---

Civil Action No. 07-cv-2508

**TED AMSBAUGH,
DONALD L. KRETSCH and BARBARA H. KRETSCH,**
Co-Trustees of the Kretsch Living Trust,
**BUDDY BAKER, and GREGORY W. BROWN,** individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**PETROLEUM DEVELOPMENT CORPORATION,**

    Defendant.

This Filing relates to BOTH cases.

---

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

    This matter comes before the Court on the Plaintiffs' Unopposed Motion for an Order: (1) preliminarily approving the proposed Class Settlement; (2) appointing the named Plaintiffs in these consolidated actions as the Class Representatives; (3) appointing Plaintiffs' attorneys as

Class Counsel for the Settlement Class; (4) provisionally determining that the Settlement Class meets the requirements for certification of a Fed.R.Civ.P. 23(b)(3) Class; (5) approving the proposed Notices to the Class members; (6) establishing the deadline for the Class members' submission of any elections to opt out of the Settlement Class; (7) establishing the deadline for the parties' submission of motions in support of final approval of the Class Settlement, Class Counsel's request for an award of attorneys' fees and expense reimbursements, and the Class Representatives' request for incentive awards; (8) establishing the deadline for the Class members' submission of objections or comments to the proposed Class Settlement; and (9) setting a hearing date to consider the motions for final approval of the proposed Class Settlement, Class Counsel's attorneys' fees and expenses, and the Class Representatives' incentive awards ("the Motion").

The Court, having reviewed and considered the Motion, the Memorandum in Support of the Motion, the Class Settlement Agreement, the proposed Notices of the Class Settlement, pertinent portions of the entire record in this litigation to date, and after hearing the arguments of the parties' attorneys at the hearing to consider the Motion which was held on October 10, 2008 at 2:00 p.m., finds as follows:

1. On May 29, 2007 Plaintiff Glen Droegemueller filed a class action complaint against Petroleum Development Corporation ("PDC") ("the *Droegemueller* action") in the District Court of Weld County, Colorado. PDC filed its answer to the *Droegemueller* action on July 9, 2007.

2. On June 28, 2007 PDC removed the *Droegemueller* action to this Court.

3. On December 3, 2007 Plaintiffs Ted Amsbaugh, Donald L. Kretsch and Barbara H. Kretsch, as co-trustees of the Kretsch Living Trust, and Buddy Baker filed their class action

complaint ("the *Amsbaugh* action") against PDC in this Court. On January 18, 2008 PDC filed its answer to the *Amsbaugh* Plaintiffs' class action complaint.

4. On January 4, 2008, the *Amsbaugh* Plaintiffs filed their motion to consolidate the *Droegemueller* action and the *Amsbaugh* action. On January 28, 2008, this Court entered its Order granting the *Amsbaugh* Plaintiffs' motion to consolidate the *Droegemueller* and the *Amsbaugh* actions.

5. On April 17, 2008, by written stipulation, the *Amsbaugh* Plaintiffs filed their first amended class action complaint, which added an additional named Plaintiff, Mr. Gregory W. Brown. On May 2, 2008, PDC filed its answer to the *Amsbaugh* Plaintiffs' first amended class action complaint.

6. Since this litigation was commenced, the Plaintiffs' attorneys ("Class Counsel") have engaged in extensive informal discovery. Class Counsel have requested, received, and reviewed voluminous documents and electronic data relevant to the claims of the Plaintiffs and the Class, including: (a) copies of numerous lease agreements and overriding royalty agreements pursuant to which Defendant Petroleum Development Corporation ("PDC") pays royalties on natural gas produced and sold by PDC in specified counties in Colorado ("the Subject Counties"); (b) documents and information relating to the marketing of the natural gas produced by PDC in the Subject Counties; (c) extensive royalty accounting documents and electronic data relating to PDC's calculation and payment of royalties to the members of the Class; and (d) extensive documents and electronic data produced by DCP Midstream, LLC ("DCP") relating to DCP's purchase of natural gas from PDC in the Subject Counties, DCP's gathering, processing, and marketing of the natural gas which DCP purchased from PDC, and extensive data relating to the royalty accounting methods used by DCP to pay royalties on behalf of PDC to the members

of the Class at various times since January 1, 2001. By reviewing all of these documents, and the electronic data, Class Counsel have been able to comprehensively evaluate the merits of the Class members' claims, the litigation risks regarding those claims, and the amount of the alleged damages sustained by the Class.

7.  Beginning in February, 2008, the parties' attorneys communicated regarding the subject of a settlement of the Class members' claims. The parties' attorneys had an initial telephone conference with the mediator, former Judge Richard Dana of the Judicial Arbiter Group, on April 3, 2008, during which, *inter alia*, the parties' attorneys agreed upon additional data and information to be exchanged. After the exchange of additional relevant information, including additional royalty accounting information, on May 28, 2008 the parties and their attorneys participated in a full day mediation before former Judge Richard Dana of the Judicial Arbiter Group in Denver. At that mediation, the parties reached agreement on the essential terms of a proposed Class Settlement, subject to further analysis by the parties' accountants and attorneys. Over the course of the next four months, the parties' attorneys and their accountants worked together to reach final agreement on a comprehensive Class Settlement.

8.  The terms of the proposed Class Settlement are set forth in the Settlement Agreement which is attached to the Motion as Exhibit 1. The definitions set forth in the Settlement Agreement are incorporated herein by reference. The Settlement Agreement resolves the claims of the Class against PDC for natural gas royalty underpayments through June 30, 2009, and also resolves the claims of the Class regarding the method for PDC's calculation and payment of future royalties on PDC's natural gas production in the Subject Counties on and after July 1, 2009. The Settlement Class, as defined in the parties' Settlement Agreement (Ex. 1, p. 8), includes the following persons:

4

All individuals and entities, private or public, to whom PDC has paid or as of the Effective Date is paying Royalties (either directly or indirectly through DCP or DCP's predecessors or successors, and either on its own behalf or on the behalf of Other Working Interest Owners) under Leases on Natural Gas and Liquids produced, billed, or sold since April 1, 2001 from wells located in the Subject Counties, according to the business records maintained by PDC. The Settlement Class excludes persons receiving Royalties pursuant to Leases that expressly authorize the deduction of Post-Wellhead Expenses, PDC, the federal government, legally recognized Indian tribes, any persons or entities that own a working interest in any wells in the Subject Counties operated by PDC, and any person who currently serves as a judge in either of the Consolidated Cases and their spouse. Certain members of the Settlement Class have interests in different types of Leases and are included in the Settlement Class only as far as their interests in Leases that are not Excluded Leases.

9. The Settlement Agreement between the Class and PDC appears, upon preliminary review, to be fair, reasonable, and adequate.

10. In determining that the proposed Class Settlement appears to be fair, reasonable and adequate, the Court has considered the following: (a) the proposed Class Settlement has been fairly and honestly negotiated; (b) serious questions of law and fact exist which put the ultimate outcome of a trial on the merits in doubt; (c) the value of the proposed Class Settlement outweighs the possibility of future relief after protracted and expensive litigation; and (d) the parties and their attorneys, who are very experienced in class action royalty underpayment litigation, believe that the Class Settlement is fair and adequate, and recommend that the Class Settlement be preliminarily approved.

11. The parties have entered into the Settlement Agreement after conducting extensive discovery and fact gathering, and with full knowledge of the critical factual and legal issues. The Settlement Agreement is the product of non-collusive, arm's-length bargaining, including the input and assistance of a qualified mediator, former Judge Richard Dana of the Judicial Arbiter Group in Denver, Colorado.

12. The Class Settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs and delay for both sides.

13. The Settlement Class further benefits from the Settlement Agreement because PDC has agreed to pay $8,174,106 to settle the royalty underpayment claims of the Class through June 30, 2009, and because PDC has agreed to a specific royalty payment methodology for natural gas royalty payments to the members of the Settlement Class after July 1, 2009, which provides a substantial additional economic benefit to the members of the Settlement Class.

14. PDC also benefits from the Settlement Agreement through the avoidance of protracted and expensive litigation, the elimination of risk of an adverse judgment, the final resolution of disputes with the Class members, and the promotion of a mutually productive business relationship with the Class members.

15 The Court also provisionally determines that each of the requirements for certification of a Fed.R.Civ.P. 23(b)(3) Settlement Class is satisfied in this case, as set forth below.

16. Because there are more one thousand members of the defined Settlement Class, the numerosity requirement of Rule 23(a) is satisfied.

17. Because there are numerous questions of law and fact which are common to the claims of each of the Class members, the commonality requirement of Rule 23(a) is satisfied.

18. Because the claims of the named Plaintiffs are typical of the claims of the other Class members, the typicality requirement of Rule 23(a) is satisfied.

19. Because the named Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class, because the Class Counsel have extensive experience in litigating class action cases, including class action royalty underpayment cases, and

because there are no conflicts of interest between the named Plaintiffs and the members of the Settlement Class, the adequacy of representation requirement of Rule 23(a) is satisfied.

20. Because the common issues of fact and law predominate over any individual issues which may exist, as evidenced by the fact that the claims of the entire Settlement Class are being resolved on a class-wide basis, the predominance requirement of Rule 23(b)(3) is satisfied.

21. Because the resolution of the Class members' claims through class litigation is superior to resolution through a series of individual lawsuits, the superiority requirement of Rule 23(b)(3) is also satisfied.

22. The Notice of Class Settlement to be mailed to the members of the Class which is attached to the Motion as Exhibit 2 ("Mailed Notice"), and the Notice of the Class Settlement to be published in *The Denver Post* and the *Greeley Tribune* which is attached to the Motion as Exhibit 3 ("Publication Notice"), adequately inform the Class members of the following: (1) the nature of this Class action lawsuit; (2) the definition of the proposed Settlement Class; (3) the Class members' claims, the issues and the defenses; (4) that a Class member may enter an appearance through an attorney if the Class member so desires; (5) that the Court will exclude from the Class any member who requests exclusion; (6) the time and manner for requesting exclusion; (7) a description of the terms of the Class Settlement, including information about the Class members' right to obtain a copy of the Settlement Agreement from the Court's file, or from Class Counsel; (8) the right of any Class member to object to the proposed Class Settlement, and the deadline for any such objections; and (9) the binding effect of the Class Settlement on Class members who do not elect to be excluded from the Class.

## **ORDER**

In light of the Court's findings, and pending further consideration of the proposed Class Settlement at the final approval hearing, IT IS HEREBY ORDERED THAT:

23. The Settlement Agreement is preliminarily approved as being fair, adequate and reasonable.

24. The named Plaintiffs in these consolidated actions are appointed as the Class Representatives for the Settlement Class.

25. The Plaintiffs' attorneys are appointed as Class Counsel for the Settlement Class.

26. The Court provisionally determines that each of the requirements for certification of a Fed.R.Civ.P. 23(b)(3) Settlement Class is satisfied.

27. Within seven days after service of an order by this Court granting final approval of the Class Settlement, or by November 1, 2008, whichever is sooner, PDC shall deposit the initial settlement payment of $8,174,106 into the Escrow Account established pursuant to the Escrow Agreement, as provided for in paragraph 5 of the Settlement Agreement, and subject to the continuing jurisdiction of this Court, and subject to the conditions set forth in the Settlement Agreement and the Escrow Agreement.

28. The Court approves the form and the content of the Mailed Notice attached to the Motion as Exhibit 2, and of the Publication Notice attached to the Motion as Exhibit 3.

29. PDC shall be responsible for mailing the Mailed Notice to the Settlement Class members by November 15, 2008.

30. PDC shall be responsible for causing the Publication Notice to be published in the Sunday editions of *The Denver Post* and the *Greeley Tribune* on November 23, 2008.

31. Any member of the Settlement Class who wishes to request exclusion ("Opt Out") from the Settlement Class must submit a written Opt Out election which is postmarked on or

before January 14, 2009, as directed in the Notices. In accordance with the procedures set forth in the Mailed Notice and the Publication Notice, any such Opt Out election must be in writing, and must be mailed to the Class Settlement Administrator.

32. On or before January 23, 2009, the parties shall file motions and memoranda in support of final approval of the Class Settlement, and Class Counsel shall file their request for attorneys' fees and expense reimbursements, and the Class Representatives' request for incentive awards.

33. Any member of the Class who wishes to make objection to, or comment on, the proposed Class Settlement, Class Counsel's request for attorneys' fees and expense reimbursements, or the Class Representatives' request for incentive awards, shall postmark and mail such objections or comments on or before January 30, 2009. In accordance with the procedures set forth in the Mailed Notice and the Publication Notice, any such objections or comments must be mailed to Class Counsel, to PDC's counsel, and to the Court.

34. Any Class member who wishes to appear and be heard at the final approval hearing must postmark and mail notice of such intention on or before January 30, 2009. Notice of such intention must be mailed to Class Counsel, to PDC's counsel, and to the Court.

35. On or before February 9, 2009, Class Counsel and PDC may file a response to any Class member's objections or comments. A copy of such response shall be mailed to all Class members who have submitted timely objections or comments.

36. The Court will conduct a hearing to consider final approval of the proposed Class Settlement, Class Counsel's request for attorneys' fees and expense reimbursements, and the Class Representatives' request for incentive awards, beginning at 1:00 p.m. on Feb 23, 2009 ~~2009~~ in Courtroom A802 of this Court.

9

37. All pending discovery and case management deadlines in this action are stayed until further order of this Court.

IT IS SO ORDERED

Dated this /0 day of October, 2008

*John L. Kane*
John L. Kane
Senior U.S. District Judge

10