IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1362-JLK-CBS** (consolidated with 07-cv-2508)

**GLEN DROEGEMUELLER**, individually and as representative plaintiff on behalf of all others similarly situated,

    Plaintiff,

v.

**PETROLEUM DEVELOPMENT CORPORATION**, a Nevada Corporation

    Defendant

_____

Civil Action No. 07-cv-2508

**TED AMSBAUGH**, **DONALD L. KRETSCH** and **BARBARA H. KRETSCH**, Co-Trustees of the Kretsch Living Trust, **BUDDY BAKER**, and **GREGORY W. BROWN,** individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**PETROLEUM DEVELOPMENT CORPORATION**,

    Defendant.

---

**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND INCENTIVE AWARD PAYMENTS TO THE CLASS REPRESENTATIVES**

---

    This matter comes before the Court on Class Counsel's motion for an award of attorneys' fees and litigation expenses, and for incentive awards to the Class Representatives, filed on January 23, 2009. The Court has considered Class Counsel's motion, the memorandum in support thereof, the affidavits submitted in support of the motion, the arguments presented by Class Counsel at the Final Approval hearing before the Court on April 7, 2009, and has also

considered the one objection to the amount of the proposed Class Representative incentive awards. The Court further notes that Defendant Petroleum Development Corporation has taken no position with regard to this motion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered the foregoing, the Court finds and concludes as follows:

1. Pursuant to the Settlement Agreement between the Plaintiffs and Defendant Petroleum Development Corporation ("PDC"), PDC has agreed to resolve the Class members' claims for royalty underpayments on PDC's natural gas production in Colorado through June 30, 2009 for the amount of $8,174,106.00. After taking into account an opt-out credit to which PDC is entitled because of the election of certain Class members to exclude themselves from the Settlement Class, the Net Settlement Fund, before subtraction of litigation expenses, is $8,172,029.47.

2. In addition to the Net Settlement Fund payment, PDC will implement a "Future Royalty Calculation Methodology" for its calculation and payment of royalties on natural gas produced on and after July 1, 2009, under the leases and other royalty agreements that are covered by the Class Settlement. The undisputed evidence reflects that this new royalty calculation methodology will provide an estimated additional $8.4 million to the Class, in present value.

3. Therefore, the total value of the Class Settlement to the Settlement Class members is approximately $16.57 million.

4. Class Counsel request reimbursement of $131,535.89 for litigation expenses; this includes $112,685.89 for litigation expenses that Class Counsel already incurred, as well as

$18,850.00 in additional litigation expenses that Class Counsel expect to incur in the further handling of this litigation and settlement administration.

5. The Court finds that the litigation expenses for which Class Counsel seek reimbursement have been reasonably incurred by Class Counsel in the prosecution of this litigation, and that the estimated future expenses will be reasonably incurred in the further handling of this litigation by Class Counsel. The Court therefore approves Class Counsel's request for reimbursement of $131,535.89 in litigation expenses.

6. Class Counsel seek attorneys' fees of one-third of the Initial Settlement Payment, net of Court-approved litigation expenses and the opt out credit. The Initial Settlement Payment minus approved litigation expenses and the opt out credit is $8,040,493.58. One-third of that amount equals $2,680,164.52.

7. The requested fee represents approximately 16% of the total settlement benefit provided to the Class members.

8. The Settlement Agreement creates a "common fund" for payments to the class members comprised of the Settlement Fund and additional payments to be received in the future through the Future Royalty Calculation Methodology. The common fund created – including the initial payment and additional payments under the new royalty calculation methodology – is approximately $16.57 million. Under Tenth Circuit law, attorneys' fees in common fund cases are generally awarded based on a reasonable percentage of the fund created. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988); *Gottlieb v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994). In *Brown*, the Tenth Circuit held that determining an attorneys' fee award based on a percentage of a common fund is warranted, particularly where the common fund has been created as a result of

class counsel's efforts. *Brown*, 838 F.2d at 454. Moreover, in *Gottlieb*, the Tenth Circuit again recognized that awarding class counsel attorneys' fees based upon a percentage of the class settlement fund is appropriate, and specifically noted that "the more recent trend has been toward utilizing the percentage method in common fund cases." *Gottlieb*, 43 F.3d at 482.

       9.     In determining whether Class Counsel's request for an award of attorneys' fees equal to one-third of the Net Settlement Fund minus expenses, and sixteen percent of the total economic benefit of the Class Settlement, is warranted, the Tenth Circuit directs that this Court should also evaluate the twelve factors identified in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). As discussed below, an evaluation of these twelve factors confirms that Class Counsel's request for an award of attorneys' fees is reasonable, and should be approved.

       10.     As the Tenth Circuit noted in *Gottlieb*, 483 F.3d at 482-83, the twelve Johnson factors are as follows:

(1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

       11.     The first *Johnson* factor is the time and labor involved. Class Counsel collectively have devoted approximately two thousand hours to the prosecution of this Class litigation, and also will be required to invest significant additional time and effort before its conclusion. As detailed in Class Counsel's motion for attorneys' fees, the time and labor that Class Counsel have invested includes a significant time commitment investigating and analyzing the claims of the Plaintiffs and the Class against PDC, and reviewing very extensive documents

and electronic data that PDC produced to Class Counsel. Class Counsel also reviewed numerous lease agreements, significant documentation regarding PDC's gathering, processing and sales arrangements, and other documents in connection with Class Counsel's analysis of the factual and legal issues in this case. Class Counsel also retained and worked with expert witnesses in the prosecution and evaluation of the claims of the Class against PDC.

12.     Class Counsel further engaged in an extensive process of negotiating a favorable settlement of their claims, which ultimately resulted in a comprehensive and valuable settlement of the Class members' claims against PDC. Indeed, the settlement provides Class members a recovery of more than 57% of their potential damages. Thus, the time and labor devoted by Class Counsel fully supports Class Counsel's request for an attorneys' fee award in the amount of $2,680,164.52.

13.     Another *Johnson* factor for this Court to consider is the novelty and difficulty of the questions presented in this litigation. Class Counsel were faced with difficult and complex legal and factual issues throughout the course of this litigation. The claims that the Plaintiffs and the Class are asserting against PDC are complex claims; among other things, they involve the contentious issue of the location of the first commercial market for the natural gas which PDC has produced, and will continue to produce, in Colorado. Class Counsel were required to analyze complex data in their evaluation of the amount of the alleged royalty underpayments sustained by the members of the Class. The process of evaluating the production data, and working with a retained certified public accountant to determine the amount of the alleged royalty underpayments, was a very time-consuming process, which Class Counsel completed only after evaluation of all the relevant data. Class Counsel's ability to thoroughly analyze the complex issues in this litigation ultimately contributed to a fair and reasonable resolution of this

litigation.  Thus, an evaluation of this factor also supports Class Counsel's request for attorneys' fees.

14.     Class Counsel's ability to handle this Class litigation properly, as well as Class Counsel's experience, reputation and abilities, are additional *Johnson* factors that should be considered in the determination of an attorneys' fee award.  As Class Counsel have demonstrated, they have extensive experience in litigating royalty underpayment cases in Colorado, as well as in other jurisdictions.  Moreover, Class Counsel have extensive experience handling numerous complex litigation cases, including class actions.  Thus, Class Counsel's knowledge and experience, which significantly contributed to a fair and reasonable settlement of this litigation, is another factor that supports Class Counsel's request for attorneys' fees in this case.

15.     Two other *Johnson* factors are the customary fee awarded by courts for this type of litigation, and any prearranged contractual fee agreed to by the plaintiffs.  Before this lawsuit was filed, Class Counsel entered into written fee agreements with the Class Representatives, under which each of the clients agreed that Class Counsel's attorneys' fees would be equal to one-third of the net recovery obtained on behalf of the clients, whether by judgment or settlement.

16.     The one-third attorneys' fee award Class Counsel are requesting is consistent with the attorneys' fees awarded to other class counsel in similar royalty underpayment litigation.  In five other class action royalty underpayment cases in which class settlements have been approved by Colorado courts, the trial courts have consistently approved an award of attorneys' fees of approximately one-third of the Class Settlement Fund.  *See, e.g., Miller, et al. v, EnCana Oil and Gas (USA) Inc.*, Case No. 05CV2753 (Denver District Court, August 26, 2008 Order);

*Parry, et al. v. Amoco Production Co.*, Case No. 94CV105 (La Plata County District Court, December 21, 2005 Judgment); *Boulter, et al. v. Kerr-McGee Rocky Mountain Corporation*, Case No. 04CV7739 (Denver District Court, October 11, 2005 Order); *Mountains West Exploration, Inc. v. Evergreen Resources, Inc.*, Case No. 02CV8854 (Denver District Court, April 22, 2004 Order); and *Holman, et al. v. Noble Energy Production, Inc.*, Case No. 03CV9 (Weld County District Court, June 11, 1997 Order).  As the fee awards to Class Counsel in those five cases demonstrate, Class Counsel's request for attorneys' fees in this case is in accordance with attorneys' fee awards to Class Counsel in similar class action royalty underpayment cases.

17. Another *Johnson* factor is the amount involved, and the results obtained. Numerous courts have recognized that in evaluating the various *Johnson* factors, the greatest weight should be given to the monetary results achieved for the benefits of the class.  *Brown*, 838 F.2d at 456; *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) (in a common fund analysis, "monetary results achieved predominate over other criteria"); *Allapattah Servs. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1202 (S.D. Fla. 2006) (court should evaluate the *Johnson* factors "with particular emphasis on monetary results achieved").  As previously noted, Class Counsel have obtained a favorable settlement for the Class, both on the past royalty underpayment claims and the claims relating to the appropriate method for calculating future royalties, resulting in a total economic benefit for the Class of $16.57 million. Class members will receive more than 57% of their potential damages.  Thus, this factor supports the requested attorneys' fee award.

18. Based on the foregoing, the Court finds that an analysis of the relevant *Johnson* factors confirms that an award of attorneys' fees to Class Counsel equal to one-third of the Net Class Settlement Fund is warranted.

19.     Significantly, the Court also notes that although the Class Settlement Notice mailed to the Class members specifically reflected that Class Counsel would be requesting an award of attorneys' fees equal to one-third of the Net Class Settlement Fund, **not a single one** of the 1,295 members of the Settlement Class submitted any objection to Class Counsel's request for an award of attorneys' fees. The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees. *In re Ins. Brokerage Anti.Trust Litig.*, 2007 W.L. 1652303 *4 (D.N.J.) (the absence of substantial objections by class members to the fees requested by class counsel strongly supports approval of the requested fee award); *Millsap v. McDonnell Douglas Corp.*, 2003 W.L. 21277124 *14 (N.D. Okla.) (where only three class members, out of 1,074, objected to class counsel's requested attorneys' fees, the small number of objections supported the appropriateness of the attorneys' fee award). Therefore, the absence of any objections to Class Counsel's request for attorneys' fees further supports approval of the attorneys' fee request.

20.     The Court also notes that a qualified independent expert witness Robert N. Miller reviewed documents filed in this case and other evidence regarding attorneys' fee awards in similar cases, and that his affidavit in support of Plaintiffs' attorneys' fee request was submitted to the Court. Mr. Miller's analysis of the attorneys' fee request included a detailed examination of the *Johnson* factors discussed above. Mr. Miller's opinion after reviewing the facts and data in this case is that the requested attorneys' fees are fair and reasonable.

21.     Class Counsel also are requesting that incentive awards totaling $25,000 be approved for the five Class Representatives as follows: $5,000 to Glen Droegemueller; $5,000 to Ted Amsbaugh; $5,000 to Donald L. Kretsch and Barbara H. Kretsch, as Co-Trustees of the Kretsch Living Trust; $5,000 to Buddy Baker; and $5,000 to Gregory Brown. Each of these

Class Representatives has been very actively involved in working with Class Counsel throughout this litigation process, in providing documents and information to Class Counsel, and in consulting with Class Counsel regarding various aspects of this litigation. The purpose of incentive awards for class representatives is to encourage people with significant claims to pursue actions on behalf of others similarly situated. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). Numerous courts have recognized that incentive awards are an efficient and productive way of encouraging members of a class to become class representatives, and in rewarding individual efforts taken on behalf of the class. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *In re SmithKline Bechman Corp, Sec. Litig.*, 751 F.Supp. 525, 534 (E.D. Pa. 1990).

22.    Consistent with this purpose, this Court finds that the requested incentive awards to the Class Representatives, in the total amount of $25,000, are reasonable and consistent with incentive awards in other class litigation. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving incentive award of $25,000 for named plaintiff whose settlement was valued at $13,000,000); *In re U.S. Bancorp. Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving incentive award of $2,000 to each plaintiff where a settlement fund was $3,000,000).

23.    The Court does acknowledge that one Class member – out of a total settlement class consisting of 1,295 persons – has objected to the proposed $5,000 incentive award to each Class Representative as being "excessive". The Court notes this objection, but nevertheless is persuaded that the requested incentive awards to the Class Representatives are comparable to other class representative incentive awards that have been approved in other class action cases.

The Court therefore overrules the objection and finds that the Class Representatives incentive awards are reasonable, and should be approved.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Incentive awards to the Class Representatives are hereby approved in the total amount of $25,000, to be paid as follows: $5,000 to Glen Droegemueller; $5,000 to Ted Amsbaugh; $5,000 to Donald L. Kretsch and Barbara H. Kretsch, as Co-Trustees of the Kretsch Living Trust; $5,000 to Buddy Baker; and $5,000 to Gregory Brown.

2. Class Counsel are awarded the sum of $131,535.89 in reimbursement for litigation expenses which they have incurred and which they reasonably expect to incur through the conclusion of this litigation.

3. Class Counsel are awarded attorneys' fees in the requested amount of $2,680,164.52, plus any interest that has accrued on that amount.

IT IS SO ORDERED.

Dated April 7, 2009.

**s/ John L. Kane**
Senior United States District Judge
